305 F.2d 753
 113 U.S.App.D.C. 84
 Sarah E. HENRY, Appellant,
v.
AUCHINCLOSS, PARKER & FEDPATH, a partnership, and Hugh D.
Auchincloss et al., Appellees.
Hugh D. AUCHINCLOSS et al., Appellants,
v.
UNION TRUST COMPANY OF the DISTRICT OF COLUMBIA et al., Appellees.
 Nos. 16503, 16504.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 25, 1962.
Decided May 10, 1962, Petition for Rehearing by the Division
in No. 16503 Denied July 31, 1962, Petition for
Rehearing En Banc in No. 16503 Denied En
Banc July 31, 1962, As amended
July 31, 1962.
 
 Mr. Donald S. Caruthers, Washington, D.C., with whom Messrs. E. W. Mollohan, Jr., and George Johnnes, Washington, D.C., were on the brief, for appellant in No. 16503.
 Mr. Preston C. King, Jr., Washington, D.C., with whom Messrs. Alexander M. Heron and Edgar T. Bellinger, Washington, D.C., were on the brief, for appellees in No. 16503, and submitted on the briefs for appellants in No. 16504.
 Mr. John L. Hamilton, with whom Mr. William A. Glasgow, Washington, D.C., was on the brief, submitted on the brief for appellees Union Trust Company of the District of Columbia and Riggs National Bank of Washington, D.C., in No. 16504.
 Messrs. Donald S. Caruthers and E. W. Mollohan, Jr., Washington D.C., entered appearances for appellee Sarah E. Henry in No. 16504.
 Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 No. 16,503 is an action for damages for the allegedly unauthorized sale by defendants-appellees, who are engaged in the security brokerage business, of securities of the plaintiff-appellant Sarah Henry. At the close of all the evidnece, the District Court directed a verdict in favor of the defendants. This appeal followed.
 
 
 2
 Viewing the evidence in the light most favorable to plaintiff-appellant, we think the trial court did not commit reversible error. There was no genuine issue of material fact which should have been submitted to the jury. Plaintiff, a woman of advanced age, allowed her son to manage her affairs. She gave him access to her safe deposit box, and her checking account was in their joint names. Defendants-appellees had reason to believe that the son was authorized to act for her. At his request, they sold certain of her securities, apparently properly endorsed by her, and remitted the proceeds to her bank for her account. All proceeds were deposited in her bank account. Finally, the bank account was depleted by the son's later withdrawals from it. There was no suggestion that defendants had sold the securities at less than a proper price, or that they had acted in bad faith, or in collusion with the son. It is clear that plaintiff's loss was primarily caused by her reliance on her son, and that she is equitably estopped to claim damages from appellees. The case is very similar on its facts to National Safe Deposit Savings & Trust Co. v. Hibbs, 229 U.S. 391, 33 S.Ct. 818, 57 L.Ed. 1241 (1913), and that decision is controlling. As was there said, quoting from the opinion of Mr. Justice Holmes in Russell v. American Bell Telephone Co., 180 Mass. 467, 62 N.E. 751 (1902): 'When one of two innocent persons is to suffer the suffer should be the one whose confidence put into the hands of the wrongdoer the means of doing the wrong.' 229 U.S. at 396, 33 S.Ct. at 820.
 
 
 3
 In No. 16,504, the broker-defendants in No. 16,503 appeal from an order denying them leave to file a third-party complaint against the Union Trust Company and the Riggs National Bank, in which they alleged that these banks had guaranteed Mrs. Henry's endorsements on the checks which defendants had sent to her. In view of our disposition of No. 16,503, it is unnecessary to pass on No. 16,504.
 
 
 4
 Affirmed.